

# The Attorney General of Texas

April 24, 1981

ARK WHITE
torney General

preme Court Building
). Box 12548
stin, TX. 78711
2/475-2501

J7 Main St., Suite 1400
.llas, TX. 75201
/742-8944

24 Alberta Ave., Suite 160
Paso, TX. 79905
5/533-3484

10 Dallas Ave., Suite 202
uston, TX. 77002
1/650-0666

5 Broadway, Suite 312
»bock, TX. 79401
i/747-5238

19 N. Tenth, Suite B
Allen, TX. 78501
1/682-4547

1 Main Plaza, Suite 400
1 Antonio, TX. 78205
'/225-4191

Equal Opportunity/
rrmative Action Employer

Honorable Chet Brooks, Chairman
Senate Committee on Human Resources
Room 412 – Archives Building
Austin, Texas 78711

Opinion No. MW-327

Re: May state agency expunge employment records relating to termination

Dear Senator Brooks:

A former employee of the Texas Parks and Wildlife Department, who was terminated, has expressed a desire to have all references to his termination expunged from his employment records, and further, to have said records altered to indicate that he voluntarily resigned. You have requested our opinion as to whether the department is permitted to make such a change. You further inquire as to whether such an alteration would expose the department and the revenues of the State of Texas to liability and future lawsuits, and whether the department must make such a change at the employee's request.

In our opinion, such an alteration is clearly prohibited by article 6252-17a, V.T.C.S., the Open Records Act. Section 3 thereof provides that:

> (a) All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information. . . .

Section 5 states that:

> (a) The chief administrative officer of the governmental body shall be the custodian of public records, and. . . shall be responsible for the preservation and care of the public records. . . . It shall be the <u>duty</u> of the custodian. . . <u>subject to penalties provided in this Act</u>, to see that the public records. . . are carefully protected and preserved from deterioration, <u>alteration</u>. . . . (Emphasis added).

Section 12 provides that:

> Any person who <u>wilfully</u> destroys. . . <u>or alters</u> public records shall be guilty of a misdemeanor and upon

conviction shall be fined not less than $25 nor more than $4,000, or confined in the county jail not less than three days nor more than three months, or both such fine and confinement. (Emphasis added).

The term "public records" is defined in section 2(2) as:

the portion of all documents, writings, letters, memoranda, or other written, printed, typed, copied, or developed materials which contains public information.

You state that the fact that this employee was terminated is indicated in the employment records in question. It cannot be seriously contended that these records, including their reference to said termination, are not public information within the Open Records Act. As we have shown, the act clearly imposes a duty upon the custodian of public records to preserve said records and to ensure that, among other things, they are not altered. Anyone who wilfully alters public records is subject to the penalties set forth in section 12.

We therefore conclude that the Texas Parks and Wildlife Department may not expunge references to an employee's termination from its employment records and alter those records to indicate that the employee in question separated from the department in some other manner, i.e., through voluntary resignation. We do not believe, however, that the Open Records Act prohibits the department from adding material to an employee's records which explains or refutes information contained therein. We further believe that our discussion of this question also resolves your remaining questions.

## SUMMARY

Article 6252-17a, V.T.C.S., the Open Records Act, prohibits the Texas Parks and Wildlife Department from expunging references to an employee's termination from its employment records.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood